E. E. CHAPMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40036. Promulgated May 8, 1930.

*Fred Van Dolsen, Esq.,* for the petitioner.
*Hartford Allen, Esq.,* for the respondent.

## OPINION.

TRAMMELL: The petitioner contends that the sale of January 15, 1925, should be treated for income-tax purposes as on the installment sale basis and that the profit on such sale taxable in 1925 is $11,536.32. He also contends that each of the notes which he transferred at their face value for other property on July 27, 1925, cost him $4,258.46 and that when he transferred them he earned a taxable profit on them of $17,983.08 for 1925 under the provisions of section 204 of the Revenue Act of 1926. He further contends that the second transaction did not take the first one, that is the sale of January 15, 1925, out of the provisions of section 212 (d) of the Revenue Act of 1926. The taxable profit for 1925 contended for by the petitioner from the sale of the real estate on January 15, 1925, and the subsequent disposition of two of the notes received in payment therefor is $11,536.32 plus $17,983.08, or $29,519.40, instead of $47,502.50 as determined by the respondent.

Section 212 (d) of the Revenue Act of 1926, which is applicable to the year 1925, is as follows:

Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payment is completed, bears to the total contract price. In the case (1) of a casual sale or other casual disposition of personal property for a price exceeding $1,000, or

(2) of a sale or other disposition of real property, if in either case the initial payments do not exceed one-fourth of the purchase price, the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this subdivision. As used in this subdivision the term "initial payments" means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made.

Here a cash payment of $17,000, or slightly less than one-fourth of $70,000, the price for which the property was sold, was received at the time of the sale. For the remaining portion of the $70,000 the petitioner received four promissory notes for $13,250 each, secured by a first mortgage on the property sold. Had he continued to hold such notes at the close of his taxable year, nothing having been paid on them, he would have been entitled to report the profit from the transaction on the installment basis. See *Potter Farms, Inc.*, 6 B. T. A. 110; *M. L. Elken*, 7 B. T. A. 1160; and *R. L. Brown Coal & Coke Co. et al.*, 14 B. T. A. 609. On the other hand, if he had sold all of the notes at their face value for cash during the taxable year, he would not have been entitled to report the profit on the installment basis. *Grace T. Mytinger*, 4 B. T. A. 896, and *Packard Cleveland Motor Co.*, 14 B. T. A. 118. If the purchaser of the petitioner's property had made payments during the taxable year which in addition to the $17,000 originally received by the petitioner would have amounted to more than 25 per cent of the price at which the petitioner had sold the property, he also would not have been entitled to report the profit on the installment basis. *Gertrude H. Sweet*, 8 B. T. A. 404.

In the instant case, the petitioner transferred two of the notes at their face value during the taxable period for other property, namely, land. If during the taxable year the two notes had been converted into money, under the language of the statute, and in accordance with our previous decisions, the proceeds therefrom would constitute "initial payments" within the meaning of that term as used in section 212 (d). The notes having been transferred for other property within the taxable period, the transaction is the same in effect as if they had been converted into cash, with the result that the petitioner received as initial payment more than 25 per cent as provided in section 212 (d). The petitioner is therefore not entitled to have his tax computed on the installment basis.

*Judgment will be entered for the respondent.*